McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted and convicted of usury, in receiving two dollars for the use of twenty dollars, for the period of twelve months. The borrower and lender were both residents of this State. To evade the statute — as we must infer — they crossed over the line into the State of Kentucky; and in the latter State, went through the formality *250 of the delivery of the money hy the lender to the borrower, and also of reducing the contract to writing, in the form of a note; and then returned to their respective homes in this State, where the usurious interest was received by the defendant.
The note was not produced on the trial, and to this exception was taken by the defendant. There is nothing in this exception. The note, if produced, would not have shown the usury; of necessity, therefore, it must be made appear by extrinsic parol evidence.
The subterfuge of going into Kentucky to consummate the loan, can be of no avail. The gist of the offence of usury, under our statute, is the reception of the money. The mere contract or agreement, for the payment of more than the legal rate of interest, is not of itself, while unexecuted, the subject matter of a criminal prosecution. The fact that the contract was made in Kentucky, is, therefore, altogether irrelevant in this case: the offence being complete, from the fact that the usurious interest was actually paid, and received by the defendant, in this State. The agreement must be regarded, — upon the facts of this case, — as having been made in this State; and it must also be understood that the money was to be paid here. The statute cannot be evaded, or cheated, by the artifice resorted to by the defendant.
It is certainly true, that if a Iona fide contract for the payment of money at some place in the State of Kentucky, had been entered into, the rate of interest would have been governed by the law of that State; and in such case, the reception of the money in this State — though the rate of interest may have exceeded that prescribed by our law — would, not have been usury. But such is not the present case.
Judgment affirmed.